UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACH BANDSUH<br>136 Granada Road NW<br>Dellroy, Ohio 44620<br><br>on behalf of himself and all others<br>similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　vs.<br><br>US CABLE CORPORATION<br>1414 E Schaaf Rd<br>Brooklyn Heights, OH 44131<br><br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Zach Bandsuh, by and through counsel, and for a Complaint against Defendant US Cable Corporation ("Defendant" or "US Cable"), states and alleges the following:

## INTRODUCTION

1.　　This is a "collective action" instituted by Plaintiff as a result of Defendant's practice and policy of misclassifying Plaintiff and other similarly-situated employees as independent contractors and/or not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2.　　The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because its principal place of business is located within this District and Division in Cuyahoga County.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Portage County, Ohio when employed by Defendant.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendant maintained its principal place of business in Brooklyn Heights, Ohio and transacted business throughout Northeast Ohio.

7. Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

12. Defendant US Cable is a private cable contracting company that provides design and construct cable, telephony, and call center services.

13. Plaintiff was employed by Defendant between October 2014 and November 2016

as a cable installer.

14. As a cable installer, Plaintiff installed cable and internet services for customers throughout Northeast Ohio.

15. Other similarly-situated employees were employed by Defendant as cable installers at Defendant's Cleveland and Akron locations.

16. Plaintiff and other cable installers were classified by Defendant as independent contractors and were paid on a points-based system based on their productivity.

17. Other similarly situated cable installers were classified as employees and had the same job duties and were paid the same way Defendant paid the cable installers it classified as independent contractors.

18. Defendant failed to pay all cable installers overtime for hours worked over 40 per week.

19. U.S. Cable controlled the manner in which Plaintiff and other similarly-situated installers performed their work, including the hours and days they worked, where they worked, how they performed their work, and the rules and policies they were required to follow.

20. U.S. Cable scheduled the work of Plaintiff and other similarly-situated installers, and/or required them to attend company meetings.

21. U.S. Cable required Plaintiff and other similarly-situated installers to report to their assigned shop by a predetermined scheduled time and/or to begin working when work orders were sent to them.

22. Plaintiff and other similarly-situated installers were not permitted to decline work orders, and they were required to work until all work orders were filled/completed.

23. U.S. Cable required Plaintiff and other similarly-situated installers to request time

3

off in advance, which required pre-approval.

24. U.S. Cable provided Plaintiff and other similarly-situated installers with the equipment needed to perform their job, including, but not limited to, trucks, cars, tablets, lock-out tools, tow straps, fuel cards, and/or cameras.

25. Plaintiff Zach Bandsuh estimates that he worked at least 57 hours per week on average between October 2014 and November 2016, and was not paid any overtime compensation.

**(Failure to Keep Accurate Records)**

26. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid overtime work performed by Plaintiff and other similarly-situated cable installers.

**(Defendant Willfully Violated the FLSA)**

27. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former cable installers who were employed by Defendant between December 8, 2013 and the present.

30. Plaintiff is unable to state at this time the exact size of the potential class, but

upon information and belief, avers that it consists of at least 50 persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

32. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendant's practice and policy of not paying Plaintiff and other similarly-situated cable installers overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

35. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated cable installers violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

36. By engaging in the above-mentioned conduct, Defendant willfully, knowingly

and/or recklessly violated the provisions of the FLSA.

37. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated cable installers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class under the FLSA;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

  /s/ David J. Steiner         \_
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue

6

Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
david@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ David J. Steiner
One of the Attorneys for Plaintiff